IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERTRUDE MAE FLYNN, individually and
on behalf of all others similarly situated,

Case No. 2:17-cv-01618-LPL

Plaintiff,

v.

CONCORD HOSPITALITY ENTERPRISES
COMPANY,

Defendant.

### ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; DIRECTING ISSUANCE OF SETTLEMENT NOTICE; AND SCHEDULING OF HEARING ON FINAL APPROVAL

**WHEREAS**, the Parties in the above-captioned litigation have advised the Court that they have settled the litigation, the terms of which have been memorialized in a settlement agreement (hereafter "Settlement Agreement").

**WHEREAS**, Plaintiff has applied to this Court through an unopposed motion for an order (1) granting preliminary approval of the Settlement Agreement resolving all claims in the above-captioned matter, (2) directing notice to the class, and (3) setting a fairness hearing; and

**WHEREAS**, the Court has read and considered Plaintiff's Unopposed Motion for Preliminary Approval, the points and authorities and declarations submitted therewith, the proposed Settlement Agreement, and all of the supporting documents; and good cause appearing:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") is granted. All pending pretrial deadlines and the trial date are hereby vacated. It

appears to this Court on a preliminary basis that the Settlement Agreement satisfies the elements of Fed. R. Civ. P. 23 and is fair, adequate, and reasonable.

3. The proposed Settlement Class is hereby preliminarily certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> All individuals who use wheelchairs, scooters, or any other device for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Concord in the United States because of the lack of accessible Transportation Services at those hotels.

4. The Court hereby appoints and designates Named Plaintiff Gertrude Mae Flynn as representative of the Settlement Class.

5. The Court hereby appoints and designates R. Bruce Carlson and Kelly K. Iverson and the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP, as Class Counsel for the Settlement Class.

6. Notice of the proposed Settlement Agreement shall be given to class members. The Notices attached as Exhibits D and E to the Settlement Agreement are hereby approved as to form. On or before **August 17, 2018**, the Parties shall distribute the Notices of the proposed Settlement Agreement advising the Class of the terms of the proposed Settlement Agreement and their right to object to the proposed Settlement Agreement.

The Notices shall be distributed as follows:

a) Class Counsel shall send the Notice attached as Exhibit D via electronic mail or U.S. Mail to the following organizations serving individuals with mobility disabilities: (i) American Association of People with Disabilities (AAPD); (ii) Disabled American Veterans; (iii) Paralyzed Veterans of America; (iv) Disability Rights Education & Defense Fund (DREDF); (v) National Center on Health, Physical Activity and Disability (NCHPAD); (vi) National Council on Independent Living; (vii) National Disability Rights Network; (viii) The Consortium for Citizens with Disabilities; (ix) Spina Bifida Association of America; (x) National Organization on Disability; (xi) National Brain Injury

Association of America; (xii) Disability Rights Advocates; (xiii) Disabled Veterans National Foundation; (ixv) National Multiple Sclerosis Society; (xv) United Cerebral Palsy; (xvi) United Spinal Association; (xvii) Amputee Coalition; (xviii) Independent Living Research Utilization (ILRU); (xix) Disabled in Action; and (xx) Association of Programs for Rural Independent Living.

b) Class Counsel shall publish the Notice attached as Exhibit D on a public website dedicated to the Class Settlement, at www.concordhospitalityADAsettlement.com.

c) Defendant shall post a copy of the Notice attached as Exhibit E at every Defendant owned and/or operated hotel in the United States that provides transportation services, in a public location inside the hotel.

7. The Court finds that the form of notice to Class Members regarding the proposed Settlement Agreement, including the methods of dissemination to the proposed Settlement Class in accordance with the terms of this Order, meets the requirements for due process, the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and is well calculated to reach representative class members.

8. Within ten (10) days prior to the Fairness Hearing, defined below, Class Counsel shall file (a) its motion for attorneys' fees and costs and (b) a declaration evidencing compliance with the notice provisions of this Order.

9. A hearing (the "Fairness Hearing") shall be held before this Court on **November 27, 2018** at **11:00 AM EST** in the United States District Court for the Western District of Pennsylvania, located at 700 Grant Street, Courtroom 7B, Pittsburgh, PA 15219, to determine whether the Agreement shall be granted final approval, and to address any related matters.

10. The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely objections or entered appearances), be continued or adjourned by order of the Court.

11. Members of the Class may register their objections to the Settlement Agreement by filing written objections with this Court. Objections and accompanying verification must be

received by **October 1, 2018**. Members of the Class who also wish to appear at the Fairness Hearing and object to the Settlement Agreement in person must so state at the time they file their written objections. Any Class member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection.

12. All responses to objections shall be filed with the Court and served by mail on the Parties' Counsel and on any objectors by **October 16, 2018**.

13. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement Agreement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: 7/10/18

The Honorable Lisa Pupo Lenihan