IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERTRUDE MAE FLYNN, individually and on behalf of all others similarly situated, | Case No. 2:17-cv-01618-LPL |
| Plaintiff, | |
| v. | |
| CONCORD HOSPITALITY ENTERPRISES COMPANY, | |
| Defendant. | |

## ▮▮▮▮▮▮▮ FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came for hearing upon the Parties' application for approval of the settlement as set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class; the Court having considered the Settlement Agreement; all papers filed, proceedings had, and all oral and written comments received regarding the proposed Settlement; the Court having reviewed the record in this Lawsuit; and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court, for purposes of this Final Judgment and Order of Dismissal ("Final Judgment"), adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Lawsuit, the Named Plaintiff, the Class Members, and Defendant.

3. The Court finds that the distribution of the Notice to Settlement Class Members, as provided for in the Order Granting Motion for Preliminary Approval of Class Settlement, was well-calculated to reach representative class members and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the Notice to the Class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, and finds that each of the releases and other terms are fair, just, reasonable, and adequate to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. All of the Released Injunctive Claims are dismissed with prejudice as to the Named Plaintiff and the Settlement Class Members. All of the Released Damage Claims are dismissed with prejudice as to the Named Plaintiff. The Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Final Judgment.

7. This action is hereby dismissed in its entirety with prejudice.

8. Neither the Settlement Agreement nor any action performed or document executed pursuant to, or in furtherance of, the settlement may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claim, or of any wrongdoing or liability of Defendant; or (b) any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

9. Defendant may file the Settlement Agreement and/or the Final Judgment from this Lawsuit in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court orders that Defendant pay $118,500 for Class Counsel's reasonable attorneys' fees, future monitoring fees, and allowable costs in this matter and $1,500 to Gertrude Mae Flynn as a Plaintiff incentive payment. The Court finds that the amount of fees and costs requested by Class Counsel and the Plaintiff incentive payment are fair and reasonable. Defendant is directed to make such payments in accordance with the Settlement Agreement.

11. The Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Named Plaintiff, the Class Members, and Defendant for the purposes of supervising the

2

implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Final Judgment. Specifically, the United States District Court for the Western District of Pennsylvania shall have continuing jurisdiction through the term of the Settlement Agreement to interpret and enforce it as provided in Section 11 of the Settlement Agreement.

12. This document shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED:

Dated: 11-27-18

The Honorable Lisa Pupo Lenihan